Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| YESSI MELÉNDEZ Y JONATHAN PAGÁN  Recurrentes  v.  OFICINA DE GERENCIA DE PERMISOS  Agencia Recurrida  MARTINO INDUSTRIAL AIR  Recurrida | KLRA202400619 | *Revisión* procedente de la Oficina de Gerencia de Permisos (OGPe)  Caso Núm.: 2024-534809-PCOC-301114  Sobre: Revocación de Permiso de Construcción |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

### SENTENCIA

En San Juan, Puerto Rico, a 5 de diciembre de 2024.

Comparece Yessi Meléndez y Jonathan Pagán (en adelante, parte recurrente) mediante un *Recurso de Revisión Judicial* y nos solicita la revisión del Permiso de Construcción 2024-534809-PCOC-301114. Este permiso fue expedido el 4 octubre de 2024, por la Oficina de Gerencia de Permisos (en adelante, la OGPe) a la compañía Martino Industrial Air, Inc., (en adelante, parte recurrida o MIA).[1]

Por los fundamentos que expondremos se *revoca* el permiso de construcción recurrido.

### I

El presente caso surge de dos solicitudes radicadas ante la OGPe por la parte recurrida, una consulta de ubicación y un permiso de construcción. El 7 de octubre de 2022, la parte recurrida presentó una solicitud de consulta de ubicación 2022-423606-CUB-

---

[1] Apéndice del recurso, págs. 1-6.

Número Identificador

SEN2024_____

007013 para un almacén.[2] La propiedad tiene el número de catastro 115-009-004-52 y ubica en un distrito calificado como Residencial Intermedio (R-1), según el Mapa de Calificación de Suelos del Municipio de Trujillo Alto. Del memorial explicativo se desprende que la consulta de ubicación fue radicada con la intención de legalizar una construcción de una estructura a ser utilizada como un almacén.

El 24 de marzo de 2023, la parte recurrente presentó una Solicitud de Intervención en el caso número 2022-423606-CUB-007013, señalando los impactos negativos y el interés legítimo de los colindantes. OGPe acogió esta solicitud el 31 de marzo de 2023.[3] Posteriormente, el 26 de junio de 2023, la OGPe acordó favorable la consulta de ubicación objeto de revisión y notificó una resolución al respecto el 28 de junio de 2023.[4] Inconforme, el 19 de julio de 2023, la parte recurrente presentó una revisión administrativa impugnado la referida consulta. Entre los errores señalados, estableció que correspondía la celebración de una vista pública en la que se le permitiera a las partes colindantes participar para evaluar los posibles efectos adversos que pudiese tener el uso comercial de la estructura en la zona residencial en la que fue ubicada. Por lo tanto, arguyó que la consulta de ubicación fue concedida en violación a las disposiciones establecidas en el Reglamento Conjunto en los casos donde ocurre una variación de uso.[5]

La parte recurrente arguyó que, el 2 de agosto de 2023, la Junta Adjudicativa de la OGPe acogió la solicitud de revisión administrativa y mediante Resolución, determinó que correspondía devolver el caso a la OGPe para que procediera a evaluar y adjudicar nuevamente la solicitud utilizando el Reglamento Conjunto. Del

---

[2] Apéndice del recurso, págs. 64-69.
[3] *Id.*, págs. 51-57.
[4] *Id.*, págs. 70-71.
[5] *Id.*, págs. 64-69.

expediente surge la referida Resolución emitida por la Junta Adjudicativa de OGPe en esa fecha.[6] Conviene mencionar que, al realizar el correspondiente estudio del expediente administrativo nos percatamos que la referida Resolución tiene fecha de 2022. Empero, al hacer la lectura integral del documento, notamos que este hace referencia a hechos ocurridos en el 2023.

El 16 de enero de 2024, la parte recurrida radicó el Permiso de Construcción número 2024-534809-PCOC-301114. La OGPE expidió el permiso el 4 de octubre de 2024.[7]

Inconforme, el 4 de noviembre de 2024, compareció la parte recurrente mediante el recurso de revisión de epígrafe y esgrimió la comisión de los siguientes seis (6) errores:

**Primer Error:** La OGPe erró al otorgar el permiso de construcción número 2-24-534809-PCOC-301114, basado en la afirmación incorrecta del proponente de que la consulta de ubicación había sido autorizada. En realidad, la consulta había sido revocada y devuelta para una nueva evaluación, sin llegar nunca a cobrar vigencia. El permiso de construcción se fundamentó en información falsa lo que hace que la aprobación sea improcedente.

**Segundo Error:** Martino Industrial Air, Inc., indujo a error a la OGPe al declarar que la consulta de ubicación estaba vigente y favorable. Esta declaración incorrecta llevó a la OGPe a procesar y aprobar el permiso de construcción, a pesar de que la consulta había sido dejada sin efecto. La información falsa proporcionada por la proponente vicia el proceso administrativo y afecta la validez del permiso.

**Tercer Error:** La OGPe erró al otorgar el permiso de construcción número 2024-534809-PCOC-301114 por razón de no haber sido informada por el proponente sobre la intervención de Yessi L. Meléndez, quien había sido reconocido oficialmente como parte interventora en el proceso de la consulta de ubicación. Esta omisión privó a la parte interventora de su derecho fundamental a participar en el procedimiento relacionado con el permiso de construcción, lo que constituye una violación al debido proceso. La intervención de la parte interventora comprometió la transparencia y legitimidad del proceso administrativo, deslegitimando así la aprobación del permiso.

**Cuarto Error:** La OGPe fue inducida a error debido a que el proponente clasificó la actividad como comercial,

---

[6] Apéndice del recurso, págs. 58-63.
[7] *Id.*, págs. 1-6.

cuando, en realidad, correspondía a una operación industrial. La actividad industrial es incompatible con la zonificación Residencial Intermedio (R-I) y no debería haberse permitido. La clasificación incorrecta fue un intento deliberado de eludir los requisitos normativos aplicables, lo que invalida la autorización concedida.

**Quinto Error:** La OGPe erró al aprobar un permiso ministerial para una obra que ya había sido construida, lo cual contradice los principios fundamentales de la normativa de planificación y uso de suelo en Puerto Rico.

**Sexto Error:** Falta de Colocación de Rótulo de Presentación y su naturaleza Insusceptible de Subsanación; la OGPe erró al otorgar el permiso de construcción número 2024-534809-PCOC-301114 sin que existiera evidencia en el expediente de la colocación del rótulo de presentación requerido por la Ley 161-2009 y el Reglamento Conjunto de 2023.

Luego de varias instancias procesales, el 2 de diciembre de 2024, la OGPe presentó una *Moción Informativa y en Solicitud de Devolución del Caso.* En ella, hizo referencia a la Resolución emitida por la OGPe el 14 de agosto de 2022. Acotó que la determinación tomada en el caso 2023-501404-SDR-013018[8] donde se devolvió la consulta de ubicación a la OGPe era final y firme. Por lo tanto, estableció que no procedía en esa etapa la presentación de un permiso de construcción certificado y la evaluación previa de los aspectos discrecionales contenidos en la solicitud de consulta de ubicación.

El 8 de noviembre de 2024, emitimos una *Resolución* concediéndole a la parte recurrida hasta el 4 de diciembre de 2024 para presentar su alegato en oposición. Vencido el plazo, no compareció por lo que procederemos a disponer del recurso sin el beneficio de su comparecencia.

**II**

**A. Revisión judicial de las determinaciones administrativas**

La Ley Núm. 38-2017, Ley de Procedimientos Administrativos Uniforme del Gobierno de Puerto Rico, (LPAU)[9], crea un mecanismo

---

[8] Solicitud de Reconsideración ante la OGPe.
[9] 3 LPRA sec. 9601 *et seq.*

de revisión judicial para *aquellas órdenes, resoluciones y providencias adjudicativas finales dictadas por agencias o funcionarios administrativos*.[10]. Dentro de este esquema, tal estatuto establece las pautas que los tribunales apelativos debemos seguir a la hora de revisar las adjudicaciones finales administrativas. Respecto a las determinaciones de hechos, en el mismo estatuto se indica que *serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo*.[11] Por tanto, las determinaciones de hechos formuladas por las agencias no deben ser alteradas por los tribunales revisores, si éstas se fundamentan en suficiente evidencia que surja del expediente.[12]

De otra parte, debemos tener presente que los tribunales estamos llamados a concederles amplia deferencia a las agencias administrativas.[13] Ello, en vista de que los organismos administrativos cuentan con la experiencia y conocimiento especializado en los asuntos que les han sido encomendados.[14]

**Sin embargo, la norma expresada en el párrafo que antecede no es absoluta, ni nos impide revisar determinaciones administrativas que no estén basadas en evidencia sustancial, cuando el organismo incidió en aplicar la ley o cuando la actuación de la agencia haya sido arbitraria, irrazonable o contraria a derecho.[15]**

### B. Ley 161-2009 y el Reglamento Conjunto

La Ley Núm. 161 fue promulgada a los fines de establecer el marco legal y administrativo para la solicitud, evaluación, concesión

---

[10] *Id.*, sec. 9671.

[11] *Id.*, sec. 9675.

[12] *Rivera Concepción v. ARPe*, 152 DPR 116, 123 (2000).

[13] *Moreno Lorenzo y otros v. Depto. Fam.*, 207 DPR 833 (2021); *Graciani Rodríguez v. Garage Isla Verde, LLC*, 202 DPR 117, 126 (2019); *Comisionado de Seguros de Puerto Rico v. Corporación para la Defensa del Poseedor de Armas de Puerto Rico, Inc.,* 202 DPR 842, 853 (2019).

[14] Moreno Lorenzo y otros v. Depto. Fam. 207 DPR en la pág. 839; *OCS v. Universal*, 187 DPR 164, 178 (2012); *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800 (2012).

[15] *Moreno Lorenzo y otros v. Depto. Fam.*, 207 DPR en la pág. 839; *The Sembler Co. v. Mun. de Carolina*, supra, pág. 882; *Otero v. Toyota*, 163 DPR 716, 729 (2005).

y denegación de permisos por el Gobierno de Puerto Rico. A su vez, mediante esta ley se facultó a la OGPe y a los Municipios Autónomos con Jerarquía de la I a la V para emitir determinaciones finales y permisos.[16] Una parte adversamente afectada por cualesquiera de las antedichas determinaciones podrá presentar una solicitud de revisión administrativa ante la División de Revisiones Administrativas de la OGPe, dentro del término jurisdiccional de veinte (20) días, contados a partir de la fecha de archivo en autos, de copia de la notificación de la actuación o determinación final.[17] En iguales condiciones, podrá acudir al Tribunal de Apelaciones, dentro del término de treinta días (30).[18] Ahora bien, la presentación de una solicitud de revisión administrativa no es un requisito jurisdiccional para presentar un recurso ante el Tribunal de Apelaciones. Empero, la presentación oportuna de la mencionada solicitud paralizara el término para acudir al referido foro.

En lo pertinente al presente caso, partimos de la premisa que dentro de las funciones de la OGPe se encuentra la evaluación de solicitudes de carácter ministerial y solicitudes de carácter discrecional. Un asunto de carácter ministerial describe una determinación que no conlleva un juicio subjetivo por parte de un funcionario público o profesional autorizado sobra una forma que se conduce o propone una acción.[19] De otra parte, un asunto discrecional es una determinación que conlleva un juicio subjetivo por parte de un funcionario público, Junta Adjudicativa o Municipio Autónomo, sobre la forma en que se conduce o propone una actividad o acción.[20] Se requerirá una consulta de ubicación en los

---

[16] Exposición de Motivos, Ley Núm. 161-2009, 23 LPRA sec. 9011.

[17] *Id.*, sec. 9021r.

[18] *Id.* sec. 9021t.

[19]JP, *Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios*, Reglamento Núm.9473 Sec. 2.2.1.1 y Glosario (16 de junio de 2023). https://docs.pr.gov/files/DDEC/OGPe/Reglamentos/RC-2023-E.pdf.

[20] OGPe*, Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios*, Núm. 9473 sec.2.2.3.2 (16 de junio de 2023).

casos que el uso propuesto del terreno que no sea permitido de forma ministerial por la reglamentación aplicable de las áreas calificadas.[21] Es decir, cuando se quiera utilizar un terreno de una forma distintita a lo permitido por la zonificación. No obstante, una consulta de ubicación por sí sola, no autoriza una construcción de obra.

Un permiso de construcción es una autorización expedida por la OGPe, el Profesional Autorizado o Municipio Autónomo para la construcción de obras o estructuras, reconstrucción, remodelación, demolición, obras de urbanización, entre otras.[22]

Por otro lado, la Regla 2.2.2. establece lo siguiente en cuanto a los permisos de construcción expedidos bajo un carácter discrecional:

a. Los asuntos de naturaleza discrecional serán atendidos por la Junta Adjudicativa, el Secretario Auxiliar de la OGPe o los Municipios Autónomos con Jerarquía de la I a la III.

b. La Junta Adjudicativa, el Secretario Auxiliar de la OGPe o los Municipios Autónomos con Jerarquía de la I a la III, en todos los casos, tomarán su determinación final considerando la totalidad del expediente.

c. **Estos prepararán, emitirán y notificarán la resolución en la cual incluya las determinaciones de hechos y conclusiones de derecho que fundamenten el acuerdo tomado, identificando a las personas que se consideran partes en el procedimiento.**

d. resolución del Secretario Auxiliar de OGPe advertirá a cualquier parte afectada de su derecho a solicitar una revisión administrativa ante la División de Revisiones Administrativas de la OGPe o revisión judicial de decisión administrativa ante el Tribunal de Apelaciones.

e. La resolución de la Junta Adjudicativa, se advertirá a cualquier parte afectada de su derecho a solicitar una revisión administrativa ante la División de Revisiones Administrativas de la OGPe o revisión judicial de decisión administrativa ante el Tribunal de Apelaciones.

f. La resolución de los Municipio Autónomo con Jerarquía de la I a la III advertirá a cualquier parte afectada de su derecho a solicitar una revisión ante la División de Revisiones Administrativas de la OGPe o revisión judicial de decisión administrativa ante el Tribunal de Apelaciones.

---

[21] *Id.*
[22] *Id.*

Esbozada la norman jurídica, procederemos a resolver las controversias que nos ocupan.

**III**

A través del presente recurso, la parte recurrente impugna la concesión del permiso de construcción 2024-534809-PCOC-301114 emitido por la OGPe. Arguye, entre otras cosas, que el permiso fue emitido tomando en consideración información falsa e incorrecta. Del mismo modo, esgrime que el permiso fue otorgado omitiendo su intervención como parte interventora comprometiendo así la transparencia y legitimidad del proceso administrativo. Finalmente, la parte aduce que el permiso fue otorgado erróneamente de forma ministerial y en violación del proceso establecido bajo la Ley 161-2009 y el Reglamento Conjunto de 2023. Le asiste la razón.

Comenzamos nuestra discusión estableciendo que el permiso de construcción ante nuestra consideración es uno de carácter discrecional. Esto último, debido a que existe una variación de uso en la propuesta de construcción. En estos casos, el Reglamento Conjunto dispone que, previo a la solicitud del permiso de construcción, corresponde obtener una aprobación consulta de ubicación.

Surge del expediente que la consulta de ubicación solicitada por la parte recurrida fue aprobada el 26 de junio de 2023.[23] No obstante, la parte recurrente solicitó una reconsideración de esta consulta y la misma fue acogida y aprobada por la Junta Administrativa de OGPe mediante Resolución y se devolvió el caso para que fuesen evaluados propiamente los asuntos discrecionales pertinentes. En contravención con la Resolución, la parte recurrida procedió a hacer la solicitud del permiso de construcción de forma prematura y en incumplimiento con el procedimiento establecido para los procesos discrecionales ante la OGPe.

---

[23] Notificado a las partes el 28 de junio de 2023.

Previo a concluir, es meritorio puntualizar que, como mencionamos previamente en la exposición de los hechos de este caso, entendemos que existe un desfase en la fecha de la Resolución sobre Consulta de Ubicación emitida por la Junta Administrativa de la OGPe el 14 de agosto. Del expediente administrativo y apelativo surge que sobre la consulta de ubicación la Junta Administrativa de la OGPe emitió dos resoluciones, una con fecha de 28 de junio de 2023 y otra con fecha de 14 de agosto de 2022. Sin embargo, la *Resolución* de agosto fue suscrita y certificada como notificada con una fecha del año 2022, cuando lo cierto es que hace alusión a asuntos del año 2023, atinentes a los resuelto en junio de 2023. Mediante el presente dictamen, hacemos constar esta incongruencia, para que la OGPe lo tenga presente al momento de evaluar una futura solicitud de permiso de construcción de la parte recurrida. Precisamos que mediante este dictamen no estamos adjudicando los méritos de la validez del proceso realizado por la OGPe en la solicitud de consulta de ubicación, ya que este se encuentra pendiente de ser adjudicado por la Junta Administrativa asignada.

En atención a esa determinación, colegimos que corresponde revocar el permiso de construcción Núm. 2024-534809-PCOC-301114, y devolver el caso a la OGPe para que lleve a cabo la correspondiente evaluación de los aspectos discrecionales previo a la expedición del permiso de construcción.

**IV**

Por los fundamentos que anteceden, se *revoca* el permiso de construcción 2024-534809-PCOC-301114 emitido por la Junta Administrativa de la OGPe, y se devuelve el caso a dicha agencia para que realice la investigación correspondiente a los fines de evaluar los aspectos discrecionales correspondientes en los casos de consultas de ubicación y permisos de construcción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones